IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:25cr618-MHT |
| | ) | (WO) |
| MARSHALL ANTHONY DEAN | ) | |

ORDER

This cause is before the court on the unopposed motion to continue trial filed by defendant Marshall Anthony Dean. For the reasons set forth below, the court finds that jury selection and trial, now set for March 9, 2026, should be continued pursuant to 18 U.S.C. §§ 3161(h)(7)(A).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission

>of an offense shall commence within seventy days
>from the filing date (and making public) of the
>information or indictment, or from the date the
>defendant has appeared before a judicial
>officer of the court in which such charge is
>pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any period of delay stemming from a continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the

2

interest of the public and Dean in a speedy trial. Following the departure of his prior federal defender, Dean's case was recently transferred to new counsel, who entered her appearance on January 28, 2026. Given her recent appointment, defense counsel requires additional time to investigate the matter, review discovery, evaluate the case, negotiate with the government, and advise Dean of his options effectively.

Considering these circumstances, the court finds that a continuance is necessary to ensure that defense counsel has sufficient time to consult with Dean and effectively prepare for a trial or resolve the case via a plea. Also, the government does not oppose a continuance.

***

Accordingly, it is ORDERED as follows:

(1) The unopposed motion to continue trial (Doc. 15) is granted.

(2) The jury selection and trial, now set for March 9, 2026, at 10:00 a.m., are continued to May 11, 2026, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall reset the deadline for change of plea and other pretrial deadlines if appropriate.

DONE, this the 4th day of February, 2026.

                                           /s/ Myron H. Thompson
                                      UNITED STATES DISTRICT JUDGE