IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:25cr618-MHT |
| | ) | (WO) |
| MARSHALL ANTHONY DEAN | ) | |

## OPINION ON SENTENCING

On July 28, 2026, the court sentenced defendant Marshall Anthony Dean to 63 months.  The court writes to document its reasoning for future reference.

The parties jointly recommended a sentence of 76 months.  That recommendation was related to their agreement to resolve the outstanding objections by using a base offense level of 27 under Guideline 2A2.1(a)(2) rather than a base offense level of 33 under Guideline 2A2.1(a)(1).  *See* U.S.S.G. § 2A2.1.  However, the court would have made the same determination to use Guideline 2A2.1(a)(2) itself.  From the court's review of the video evidence, there is no premeditation.  Regardless, the guidelines range is from 63 to 78 months.

The court imposed a sentence of 63 months because it found that there was no premeditation, and because there was a credible indication that defendant may have been suffering from mental-health issues on the day of the event.  The defendant has a history of psychosis, including having command auditory hallucinations that instruct him to hurt himself and others.  He has been hospitalized four times previously for issues related to psychosis and drug-induced psychosis.  He told police shortly after the incident that he thought there were people out to get him that day.  He was also under the influence of methamphetamine.  Forensic psychologist Dr. Holly Kaufman concluded that "Mr. Dean's substance use and mental health symptoms likely contributed to his participation in the instant alleged offense."  Forensic Psychological Evaluation (Doc. 46-3) at 9.  Furthermore, it was apparent from the video of the incident that his conduct was bizarre.  In sum, given the defendant's mental-health history and the spontaneity of the

2

shootout, the court found that the defendant may have been experiencing psychosis when the shooting happened. In addition, the court arranged for Dean to receive intensive mental-health treatment during supervised release to address his serious mental illnesses. To ensure such treatment is comprehensive, the court ordered the United States Probation Office to request a post-release meeting once Dean is released.

DONE, this the 30th day of July, 2026.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

3